## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

REVELL MCGHEE,

      Plaintiff,

v.                               Civil Action No. 2:07-CV-817-MEF

AMERICOLD LOGISTICS, LLC,

      Defendant.

### ANSWER OF DEFENDANT

Defendant AmeriCold Logistics, LLC ("AmeriCold"), by and through its undersigned counsel, answers Plaintiff's Complaint as follows:

1.

Answering Paragraph 1 of the Complaint, AmeriCold admits that Plaintiff attempts to invoke this Court's jurisdiction and that this Court has jurisdiction over the subject matter asserted in the Complaint. AmeriCold denies that Plaintiff has any basis in law or fact for such an action.

2.

AmeriCold is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies same.

3.

AmeriCold admits it does business within this judicial district and that venue is proper but denies that any unlawful employment practices were committed and any remaining allegations in Paragraph 3 of the Complaint.

4.

AmeriCold admits plaintiff is an African-American male and that he was previously employed by AmeriCold. AmeriCold is without knowledge or information sufficient to form a belief as to Plaintiff's place of residence and therefore denies same. AmeriCold denies the remaining allegations in Paragraph 4 of the Complaint.

5.

AmeriCold admits the allegations in Paragraph 5 of the Complaint.

6.

AmeriCold admits only that Plaintiff purports to bring this lawsuit seeking permanent relief from alleged unlawful discriminatory practices. AmeriCold denies engaging in any unlawful discriminatory practices, that Plaintiff is entitled to any relief, and the remaining allegations in Paragraph 6 of the Complaint.

7.

Answering Paragraph 7 of the Complaint, AmeriCold admits only that: plaintiff began working for AmeriCold as a warehouseman on or about November 21, 1997; plaintiff became a forklift operator on or about June 21, 1998; plaintiff was promoted to lead person on or about April 5, 1999 and promoted to night shift supervisor on or about October 11, 2004; and plaintiff replaced former night shift supervisor Billy Bedford, who was moved to the day shift supervisor position. AmeriCold denies the remaining allegations in Paragraph 7.

8.

AmeriCold denies all of the factual allegations in Paragraph 8 of the Complaint because Plaintiff asserts all such actions/acts were due to disparate treatment discrimination.

9.

AmeriCold denies the allegations in Paragraph 9 of the Complaint.

10.

Answering Paragraph 10 of the Complaint, AmeriCold admits that Billy Bedford supervised plaintiff while plaintiff was a lead person. AmeriCold denies the remaining allegations in Paragraph 10.

11.

Answering Paragraph 11 of the Complaint, AmeriCold admits it began locking the conference room at night sometime after plaintiff became the night shift supervisor, but denies this action was related to plaintiff's race. AmeriCold further admits that Bedford is Caucasian. AmeriCold denies the remaining allegations in Paragraph 11.

12.

Answering Paragraph 12 of the Complaint, AmeriCold admits Billy Bedford was ill in 2004. AmeriCold denies the remaining allegations in Paragraph 12 of the Complaint.

13.

Answering Paragraph 13 of the Complaint, AmeriCold admits that on or about July 22, 2005, Nikia Smith ("Smith") began working for AmeriCold through a temporary service. AmeriCold also admits plaintiff supervised Smith. AmeriCold further admits Wilma Price told the temporary service Smith's services were no longer needed. AmeriCold denies the remaining allegations in Paragraph 13.

14.

AmeriCold admits plaintiff reported that an incident occurred on or about November 22, 2005, in which he reported Smith returned to AmeriCold and hit plaintiff with a glass object. AmeriCold admits plaintiff called the police and reported this alleged incident. AmeriCold is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 14 and therefore denies same.

15.

Answering Paragraph 15 of the Complaint, AmeriCold admits that plaintiff made a police report regarding an alleged incident involving Smith on or about November 22, 2005. AmeriCold is without knowledge or information sufficient to form a belief as to whether Smith filed a complaint against Plaintiff and therefore denies same. AmeriCold further admits plaintiff's employment was subsequently terminated. AmeriCold denies the remaining allegations in Paragraph 15.

16.

AmeriCold incorporates by reference its answers to Paragraphs 1 through 15 above as if fully set forth herein.

17.

AmeriCold denies the allegations in Paragraph 17 of the Complaint.

18.

AmeriCold denies the allegations in Paragraph 18 of the Complaint.

19.

AmeriCold denies the allegations in Paragraph 19 of the Complaint.

20.

As to each prayer for relief contained in plaintiff's Complaint, such prayers require neither an admission nor a denial by AmeriCold, but AmeriCold nonetheless denies that plaintiff is entitled to any remedy or relief from AmeriCold.

21.

To the extent any allegation remains unanswered or requires a response, AmeriCold denies such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed in whole or part for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred, in whole or in part, because AmeriCold has at all times acted reasonably and in good faith.

## THIRD DEFENSE

The Complaint is barred, in whole or in part, because the actions or practices complained of by plaintiff were based on legitimate, non-discriminatory factors other than plaintiff's race.

## FOURTH DEFENSE

The Complaint is barred, in whole or in part, because AmeriCold made its employment decisions with respect to plaintiff based on reasonable, non-discriminatory factors other than plaintiff's race.

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, because some of the allegations are barred by the applicable statute of limitations or are otherwise untimely.

## SIXTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

## SEVENTH DEFENSE

The Complaint is barred, in whole or in part, because even if any adverse employment decisions by AmeriCold were motivated by plaintiff's race, which they were not, AmeriCold would have made the same decisions as to plaintiff regardless of his race.

## EIGHTH DEFENSE

Some or all of plaintiff's claims may be barred by his failure to exhaust his administrative remedies or comply with the jurisdictional or statutory prerequisites to filing suit under Title VII.

## NINTH DEFENSE

Some or all of the remedies requested by plaintiff may be barred by the doctrine of after-acquired evidence.

## TENTH DEFENSE

To the extent plaintiff is asserting a claim for racial harassment, AmeriCold is not liable because it maintains a well-disseminated and consistently enforced policy against harassment, as well as a reasonable and available procedure for receiving and investigating complaints of harassment. To the extent plaintiff failed to use or otherwise avail himself of these policies and procedures, his claims are barred.

## ELEVENTH DEFENSE

To the extent plaintiff is asserting a claim for racial harassment, any such claims are barred, and recovery of damages is precluded, because AmeriCold exercised reasonable care to prevent and promptly correct any allegedly unlawful conduct.

## TWELFTH DEFENSE

To the extent plaintiff is asserting a claim for racial harassment, any such claims are barred, and recovery of damages is precluded, because plaintiff unreasonably failed to take advantage of AmeriCold's preventive or corrective mechanisms or to otherwise avoid harm.

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent plaintiff pursues claims outside the scope of his EEOC charge.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages.

AmeriCold reserves the right to add any additional defenses or counter claims which may become known during the course of discovery. AmeriCold reserves all other defenses available under the Title VII.

WHEREFORE, having fully answered the Complaint, AmeriCold respectfully requests:

(1)    Judgment be entered in favor of AmeriCold and that this action be dismissed with prejudice;

(2)    Judgment be entered in favor of AmeriCold for all costs and attorneys' fees incurred by AmeriCold in the defense of this action; and

(3)    AmeriCold have and recover such other and further relief as this Court may deem just and proper.

Respectfully submitted this 6th day of November, 2007.

/s/ *Thomas A. Davis*
Thomas A. Davis (ASB-5877-S56T)
DD: 205-332-3101
E-Mail: davist@jacksonlewis.com
**JACKSON LEWIS LLP**
Park Place Tower, Suite 650
2001 Park Place North
Birmingham, Alabama 35203
Facsimile: 205-332-3131

Dion Y. Kohler (GA Bar No. 427715)
E-Mail: kohlerd@jacksonlewis.com
**JACKSON LEWIS LLP**
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1226
Facsimile: 404-525-1173
**ATTORNEYS FOR DEFENDANT
AMERICOLD LOGISTICS, LLC**

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of this original document, **ANSWER**, was filed with the Court via the Case Management/Electronic Court Filing system on this 6th day of November, 2007, and notice thereof was served in accordance therewith via electronic mail, to:

Juraldine Battle-Hodge, Esq.
207 Montgomery Street, Suite 215
Montgomery, AL 36104

/s/ *Thomas A. Davis*
Counsel for Defendant