**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| REVELL MCGHEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:07-CV-817-MEF |
| v. | ) | |
| | ) | |
| AMERICOLD LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL
AND DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES
AND MEDICAL RECORDS AND PSYCHOTHERAPY NOTES
AUTHORIZATION FORMS AND MEMORANDUM IN SUPPORT**

Defendant AmeriCold Logistics, LLC ("Defendant" or "AmeriCold"), by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37 and M.D. Ala. LR 37.1, hereby responds to Plaintiff's Attorney's Motion to Withdraw as Counsel and states that it does not oppose such motion. However, due to Plaintiff's repeated failure to cooperate in discovery, Defendant moves this Court for an order compelling Plaintiff Revell McGhee to respond to AmeriCold's February 1, 2008 Interrogatories and Request for Production of Documents and provide AmeriCold with executed Medical Records and Psychotherapy Notes authorization forms.

In support of this Response and Motion, Defendant shows the Court the following:

1.    On or about September 11, 2007, plaintiff filed this civil action in the United States District Court for the Middle District of Alabama, alleging discrimination on the basis of his race.  Specifically, plaintiff contends AmeriCold discriminated against him by treating employees outside of his protected class more favorably than him and by terminating him because of his race (African-American).  AmeriCold denies these allegations and asserts that plaintiff, a shift supervisor, was not treated less favorably than similarly-situated employees, and was terminated for conflicts with co-workers and for using fear and intimidation to supervise employees.

2.    AmeriCold sent Defendant's First Interrogatories and First Request for Production of Documents to plaintiff on February 1, 2008.  (See Affidavit of Amy Perkins ("Perkins Aff."), ¶ 4, Exhs. A & B, attached hereto as Exhibit 1.)  Pursuant to Fed. R. Civ. P. 6, 33 and 34, plaintiff's deadline to respond to these discovery requests was March 5, 2008.  Since that time, counsel for Defendant has been diligent in attempting to obtain complete discovery responses as well as executed Medical Records and Psychotherapy Notes authorization forms. Counsel's efforts in this regard are detailed in the attached affidavit of Amy Perkins. However, such efforts have proved unsuccessful and Counsel for plaintiff reports that she has been unable to secure Plaintiff's cooperation and as a result is withdrawing as his counsel.  AmeriCold does not oppose this request but still

needs complete discovery responses from plaintiff and executed medical authorization forms to prepare its defense.

As of this date, AmeriCold has not received complete responses to the following discovery requests:

Interrogatory Request Nos. 4,5,7,8,13,14,15,16,17 and 20. See Perkins Aff., Exh. E.

Document Production Request Nos. 1,3,4,5,6,7,8,9,10,11,12,13,14 and 15. See Perkins Aff., Exh. H.

The Medical Records and Psychotherapy Notes authorization forms plaintiff has repeatedly failed to sign are attached to this motion. See Perkins Aff., Exh. F.

Wherefore, AmeriCold requests that the Court enter an order compelling plaintiff to fully respond to Defendant's First Interrogatories and Request for Production of Documents as identified above and to provide executed Medical Records and Psychotherapy Notes authorization forms within 20 days and that should plaintiff fail to do so, his action is subject to dismissal.

Respectfully submitted this 4th day of June, 2008.

  /s/ *Thomas A. Davis*
Thomas A. Davis (ASB-5877-S56T)
Direct Dial: 205-332-3101
E-Mail: davist@jacksonlewis.com
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Facsimile: 205-332-3131

Dion Y. Kohler (GA Bar No. 427715)
E-Mail: kohlerd@jacksonlewis.com
**JACKSON LEWIS LLP**
1155 Peachtree Street, NE
Atlanta, Georgia 30309
Facsimile:  404-525-1173

**ATTORNEYS FOR DEFENDANT
AMERICOLD LOGISTICS, LLC**


## CERTIFICATE OF SERVICE

It is hereby certified that a copy of this original document, **DEFENDANT'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL AND DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND MEDICAL RECORDS AND PSYCHOTHERAPY NOTES AUTHORIZATION FORMS AND MEMORANDUM IN SUPPORT**, was filed with the Court via the Case Management/Electronic Court Filing system on this 4th day of June, 2008, and notice thereof was served in accordance therewith via electronic mail, to:

Juraldine Battle-Hodge, Esq.
207 Montgomery Street
Suite 215
Montgomery, AL  36104


 /s/  *Thomas A. Davis*
Counsel for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

REVELL MCGHEE,          )
                            )
      Plaintiff,       )     Civil Action No.
                            )     2:07-CV-817-MEF
v.                    )
                            )
AMERICOLD LOGISTICS, LLC,   )
                            )
      Defendant.     )

## AFFIDAVIT OF AMY R. PERKINS

I, Amy R. Perkins, hereby depose, attest and affirm under the penalties of perjury as follows:

1.

I am over eighteen (18) years of age, and I am competent to testify to the matters stated herein. This affidavit is given voluntarily and is based on my own personal knowledge.

2.

I have worked at Jackson Lewis LLP since November, 2006. I am currently an associate attorney.

3.

I am assisting Dion Y. Kohler, Esq. with the defense of a lawsuit filed in the District Court for the Middle District of Alabama styled Revell McGhee v. AmeriCold Logistics, LLC, case number 2:07-CV-817-MEF.

4.

On February 1, 2008, via U.S. Mail, AmeriCold Logistics, LLC ("AmeriCold" or "Defendant") sent Defendant's First Interrogatories and First Request for Production of Documents to plaintiff's attorney. A true and correct copy of Defendant's First Interrogatories is attached hereto as Exhibit A. A true and correct copy of Defendant's First Request for Production of Documents is attached hereto as Exhibit B.

5.

On or about March 13, 2008, I called plaintiff's attorney to inquire about the status of plaintiff's responses to AmeriCold's discovery requests, which were due on March 5, 2008. I spoke with a female who advised me that plaintiff's attorney was unavailable. I left a message indicating that we had not yet received plaintiff's discovery responses, and asking plaintiff's attorney to contact us

6.

Plaintiff's attorney failed to contact us, and we sent her a letter via facsimile and U.S. Mail on April 1, 2008 advising that we would file a motion to compel seeking attorney's fees if we did not receive plaintiff's responses to AmeriCold's discovery requests by April 9, 2008. A true and correct copy of this letter is attached hereto as Exhibit C.

7.

Plaintiff's attorney contacted me by telephone on April 9, 2008, and requested an extension until April 11 to provide plaintiff's discovery responses. I verbally agreed to this extension.

8.

On or about April 11, 2008, we received plaintiff's responses to AmeriCold's First Interrogatories. A true and correct copy of plaintiff's responses is attached hereto as Exhibit D. Many of these responses were deficient and/or incomplete. We did not receive responses to AmeriCold's First Request for Production of Documents.

9.

On May 6, 2008, we sent plaintiff's attorney a letter via facsimile and U.S. Mail advising her that we had not received responses to Defendant's First Request for Production of Documents. A true and correct copy of this letter is attached hereto as Exhibit E. This letter also advised that several of plaintiff's responses to AmeriCold's First Interrogatories were deficient and/or incomplete, and detailed the additional information needed in order for plaintiff's responses to be complete. We also provided Medical Records and Psychotherapy Notes authorization forms for release of plaintiff's medical and psychotherapy records, and requested that plaintiff sign and return these forms to us as soon as possible. A true and correct copy of these authorization forms is attached hereto as Exhibit F.

10.

We did not receive plaintiff's completed discovery responses by May 16, 2008, which was the deadline we provided in our May 6, 2008 letter. I called plaintiff's attorney's office on May 19, 2008 and was told that plaintiff's attorney was unavailable. I left a message for her to call us regarding plaintiff's discovery responses. Plaintiff's attorney returned my call on May 20, 2008 and indicated she had not provided plaintiff's responses by the May 16, 2008 deadline because she was moving her office. Plaintiff's attorney also stated she was having difficulty

obtaining information from plaintiff that was necessary to complete AmeriCold's discovery responses. In the spirit of cooperation, we again agreed to extend the deadline for plaintiff's complete responses to AmeriCold's discovery requests, this time until May 23, 2008.

11.

We sent plaintiff's attorney another letter by facsimile and U.S. Mail on May 21, 2008, confirming our May 20 conversation and agreement to extend the deadline for plaintiff's response to AmeriCold's discovery requests until May 23, 2008 and again requesting that plaintiff sign the Medical Records and Psychotherapy Notes authorization forms we previously provided. A true and correct copy of this letter is attached hereto as Exhibit G.

12.

Plaintiff's attorney provided Plaintiff's Responses to Defendant's First Request for Production of Documents to us via facsimile on May 23, 2008. A true and correct copy of this facsimile without attached documents is attached hereto as Exhibit H. The facsimile pages were distorted, and Plaintiff's responses to most of AmeriCold's Requests for Production were incomplete, stating, "Will supplement once ascertained." Plaintiff did not provide supplemental responses to AmeriCold's First Interrogatories or signed medical release forms.

13.

To date Jackson Lewis LLP has not received complete responses to AmeriCold's First Interrogatories and First Request for Production of Documents or executed Medical Records and Psychotherapy Notes authorization forms.

14.

I received a voicemail message from plaintiff's attorney on May 26, 2008 stating that plaintiff's attorney intended to file a motion to withdraw as counsel from this case due to her inability to obtain plaintiff's cooperation with responding to AmeriCold's discovery requests and providing AmeriCold with executed Medical Records and Psychotherapy Notes authorization forms.

Pursuant to 29 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of June, 2008.

Amy R. Perkins

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REVELL MCGHEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:07-CV-817-MEF |
| v. | ) | |
| | ) | |
| AMERICOLD LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT AMERICOLD LOGISTICS, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant AmeriCold Logistics, LLC ("AmeriCold"), hereby requests that Plaintiff Revell McGhee ("Plaintiff") answer the following Interrogatories within thirty (30) days of service and in accordance with the following Instructions and Definitions.

## INSTRUCTIONS

A.    These Interrogatories are continuing in nature, and Plaintiff shall promptly supplement his answers if he, or anyone acting on his behalf, obtains further or different information after the initial answers are served

B.    Plaintiff is to furnish all information available to his, including information known to his attorneys, agents, investigators, employees, representatives, or other persons acting on his behalf.

C.    If Plaintiff objects to an Interrogatory, the objection is to be stated in full, along with a citation of any legal authority relied upon  If an objection is stated with respect to a portion of an Interrogatory, the remaining portion of the Interrogatory is to be answered notwithstanding the objection  If Plaintiff objects to the scope or time period of an Interrogatory, the objection is to be stated and the Interrogatory answered for the scope and time period which Plaintiff believes is appropriate

D.    If any Interrogatory cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Plaintiff's inability to answer  If for any reason an answer is qualified, set forth the details of such qualification

E.    Should Plaintiff assert a privilege as to any information that is requested, specify the general subject matter of the information and the basis for the contention that such information is privileged.

F    Any sentence or phrase formed in the disjunctive shall also be read in the conjunctive, and vice versa

G    Any word formed in the singular shall also be read in the plural, and vice versa.

H.    Any verb formed in the present tense shall also be read in the past, imperfect, and future tenses, and vice versa

2

I.    Any pronoun in the masculine gender shall also be read in the feminine gender, and vice versa

J.    If any document identified was, but no longer is, in Plaintiff's custody, possession, or control, state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition

K.    In accordance with Rule 33 of the Federal Rules of Civil Procedure, the answers to these Interrogatories are to be made in writing under oath, and are to be signed by the person making them. Any objections are to be signed by the attorney(s) making them.

## DEFINITIONS

A.    As used herein, the term "document" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever (including, but not limited to, reports, studies, charts, statistical compilations, letters, correspondence, telegrams, memoranda, ledgers, books of accounts, bookkeeping and accounting records, minutes, contracts, leases, notes, electronic transcriptions or tapings of conversations conducted by any means, work papers, schedules, computer printouts, financial statements and reports, calculations, diaries, appointment

3

calendars or records, manuals, brochures, invoices, desk calendars, work sheets, tapes, records of telephone calls) of which Plaintiff has knowledge, whether or not such documents are in Plaintiff's possession, custody, or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

B.    The terms "identify" and "identity," when used with reference to a natural person, mean the person's full name, present position and employer, present residential and business address, and present residential and business telephone number. When used with reference to an entity other than a natural person, the terms mean the entity's full name, the address of its principal office or place of business, its business telephone number, and the identity of the officer, representative, agent or employee, current or former, who has any knowledge or information pertaining to the subject matter of the Interrogatory. When used with reference to a document, the terms mean the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), and name and address of its present custodian. When used with reference to a communication, the terms mean the type of communication (oral statement, telephone conversation, etc.), the date it was made, the identity of the person(s) making it, the identity of the recipient(s), the identity of any witness(es), and the substance of the contents.

C.    As used herein, the term "person" means individuals or entities of any type, including, but not limited to, natural persons, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, groups, mutual or joint ventures, and other forms of organizations or associations.

D    "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof (including by relationship to other events).

E.    The phrase "describe in detail" calls for a complete description of all facts which are pertinent to the act, occurrence, or event in question, including where applicable, the date, time, place, circumstance, nature, substance, description, or explanation of the act, event, or occurrence, and the identity of all persons or entities involved in the act, event, or occurrence.

F.    The terms "you" and "your" refer to Plaintiff and/or any agent or representative acting on Plaintiff's behalf

## INTERROGATORIES

### INTERROGATORY NO. 1:

Provide the addresses of all locations where you have resided in the last ten (10) years and, for each such location, provide the dates of residence and whether you owned or rented the property.

### INTERROGATORY NO. 2:

Identify all high schools, colleges, universities, trade schools, special skill classes, or other educational institutions/programs you have attended, and for each such institution specify:

      A     the address of such institution;

      B     the dates you attended such institution;

      C     your grade point average;

      D     all degrees, diplomas, certifications, or licenses sought and/or obtained from each such institution; and

      E     the date you obtained each such degree, diploma, certification, or license.

### INTERROGATORY NO. 3:

Identify by name, address, and telephone number each person or entity for whom you have performed services during or since your employment with AmeriCold (other than with AmeriCold but including self-employment), and

describe your employment including, but not limited to, the dates of your employment, the position(s) held, the name of your supervisor(s), your compensation (including salary, bonuses and fringe benefits), including the date and amount of any raises, and, if applicable, the reason your employment ended.

## INTERROGATORY NO. 4:

Describe in detail all efforts you have made to obtain other employment since your employment with AmeriCold ended, including, but not limited to, the name and address of any prospective employer or employment agency you contacted or that contacted you regarding potential employment, the method and date of each such contact, the position sought and the associated salary, the identity of the employer representative(s) you contacted or with whom you spoke, and the results of each such contact, including whether you were offered employment or whether you were rejected.

## INTERROGATORY NO. 5:

If you have been examined by, treated by, or have otherwise consulted with a physician, psychiatrist, psychologist, therapist, or other healthcare provider in the last ten (10) years, identify each such healthcare provider and provide the dates of each such consultation and a description of any complaint, examination results, diagnosis, treatment, and prognosis for each such consultation.

**INTERROGATORY NO. 6:**

Identify any physician, psychologist, healthcare provider, social worker, counselor, or other individual with whom you have sought, and/or are currently seeking treatment for psychological pain and suffering, mental anguish, and emotional distress you allege was caused by AmeriCold as set forth in Paragraph 19a of the Complaint.

**INTERROGATORY NO. 7:**

Please state the name and dosage of any medications that have been prescribed to you in the last ten (10) years, and, for each medication, provide the name of the medical provider who prescribed such medication, the reason such medication was prescribed, and the period such medication was taken.

**INTERROGATORY NO. 8:**

Please identify any employee or former employee of AmeriCold whom you believe was treated more favorably than you because of race and describe all facts and circumstances upon which you base the allegation that such persons was treated more favorably than you because of race.

**INTERROGATORY NO. 9:**

Identify by name, date, agency, or court any judicial and administrative proceedings (whether civil, bankruptcy, or criminal), other than this

action, to which you have been a party or witness and describe in detail the nature of the proceeding, including the subject matter, location, jurisdiction, nature of your involvement, including any testimony you may have given, and the outcome or present status.

## INTERROGATORY NO. 10:

Identify each charge or complaint that you have ever filed with any government agency, and describe in detail the nature of the charge(s) or complaint(s) and the outcome(s)

## INTERROGATORY NO. 11:

Identify all persons, other than your attorneys, with whom you have communicated concerning the facts, allegations, or issues involved in this action, including, without limitation, any current or former employees of AmeriCold, and describe in detail the substance, date, time, and location of each communication

## INTERROGATORY NO. 12:

State whether any statement, written or otherwise, was obtained from anyone who was interviewed or questioned on your behalf in connection with this litigation  If your answer is in the affirmative, identify the person(s) giving such statement(s), the date(s) of the statement(s), identify all persons who have present

custody of the statement(s), identify any person who has seen or examined such statement(s), and describe the statement(s) in detail.

## INTERROGATORY NO. 13:

Identify each person having personal knowledge of any facts or matters that support or controvert your claims or allegations in this action, and describe in detail the nature and extent of the knowledge possessed by each such person

## INTERROGATORY NO. 14:

Please state each and every fact you contend proves, supports or constitutes evidence of the allegation that you were discriminated against by AmeriCold because of your race.

## INTERROGATORY NO. 15:

Identify each document, photograph, audiotape, videotape, computer file, electronic file, or other recording that you contend proves, supports or constitutes evidence of your allegations in the Complaint, including your allegation that you were discriminated against by AmeriCold because of your race

**INTERROGATORY NO. 16:**

Please state each act of race discrimination you claim was committed against you by AmeriCold, and identify any employee or former employee whom you claim engaged in or was involved in such action, the date of such action, how you learned of such action and your basis for alleging such action was due to your race.

**INTERROGATORY NO. 17:**

Please identify any complaints or reports you made to any AmeriCold manager or supervisor about conduct you believe to be unlawful or improper, and provide the identity of the individual to whom such complaint or report was made, the date, the substance of such complaint or report, and any subsequent action or discussion regarding such complaint or report

**INTERROGATORY NO. 18:**

Identify and state the qualifications and areas of expertise of each person you intend to call as an expert witness for any issue in this action, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, a summary of the grounds for each opinion, all documents and other information which have been

provided to or received from each such person including any report or drafts of such reports, all written communications to or from such person and any additional information set forth in FED. R. CIV. P. 26(a)(2)(A) and (B).

## INTERROGATORY NO. 19:

Identify any expert who has been consulted, retained, or employed by you in anticipation of this litigation or preparation for trial, but who is not expected to be called as a witness at trial.

## INTERROGATORY NO. 20:

Itemize all damages you claim to have suffered as a result of the alleged unlawful conduct by AmeriCold, and specify the nature of the damages, the dollar amount, and how you calculate the amount and identify any documents which evidence such damages or show how such calculations were made.

## INTERROGATORY NO. 21:

State whether you have ever been arrested, charged or convicted of any crime within the last ten (10) years. If so, please state the nature of the alleged crime, the jurisdiction in which you were arrested, charged, and/or convicted, and the date of the arrest, charge and/or conviction and the resolution including any sentence, restitution or probation.

**INTERROGATORY NO. 22:**

Please identify any person who assisted in preparing these responses and the specific Interrogatory for which such person provided information or assistance

**INTERROGATORY NO. 23:**

Please identify any documents which were used, consulted or reviewed in order to respond to these Interrogatories.

Submitted this 1st day of February, 2008

Thomas A. Davis (ASB-5877-S56T)
DD: 205-332-3101
E-Mail: davist@jacksonlewis.com
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway
Birmingham, Alabama 35209
Phone: 205-332-3100
Facsimile: 205-332-3131

Dion Y. Kohler (GA Bar No. 427715)
E-Mail: kohlerd@jacksonlewis.com
**JACKSON LEWIS LLP**
1155 Peachtree Street, NE
Atlanta, Georgia 30309
Facsimile: 404-525-1173

**ATTORNEYS FOR DEFENDANT
AMERICOLD LOGISTICS, LLC**

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REVELL MCGHEE, )
)
    Plaintiff, )    Civil Action No.
)    2:07-CV-817-MEF
    v. )
)
AMERICOLD LOGISTICS, LLC, )
)
    Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that I have served counsel for Plaintiff with the foregoing

**DEFENDANT AMERICOLD LOGISTICS, LLC'S FIRST REQUEST FOR**

**PRODUCTION OF DOCUMENTS TO PLAINTIFF** by causing a copy to be

deposited in the United States mail, first class, postage prepaid, to:

    Juraldine Battle-Hodge, Esq.
    207 Montgomery Street, Suite 215
    Montgomery, AL 36104

                       _____
                       Counsel for Defendant

15

## EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REVELL MCGHEE,                          )
                                        )
        Plaintiff,                      )       Civil Action No.
                                        )       2:07-CV-817-MEF
        v                               )
                                        )
AMERICOLD LOGISTICS, LLC,               )
                                        )
        Defendant.                      )

## DEFENDANT AMERICOLD LOGISTICS, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant AmeriCold Logistics, LLC, ("AmeriCold"), hereby serves Plaintiff Revell McGhee ("Plaintiff") with the following Requests for Production of Documents  The requested documents should be made available for inspection and copying at the law offices of Jackson Lewis LLP within thirty (30) days of service of these Requests.

## INSTRUCTIONS

A.    These Requests are continuing in nature, and Plaintiff shall promptly supplement his responses if he, or anyone acting on his behalf, obtains additional documents after the initial responses are served

1

B.    If Plaintiff objects to a Request, the objection is to be stated in full, along with a citation of any legal authority relied upon. If an objection is stated with respect to a portion of a Request, the remaining portion of the Request should be responded to notwithstanding the objection.

C.    Any sentence or phrase formed in the disjunctive shall also be read in the conjunctive, and vice versa.

D.    Any word formed in the singular shall also be read in the plural, and vice versa.

E.    Any verb formed in the present tense shall also be read in the past, imperfect, and future tenses, and vice versa.

F    Any pronoun in the masculine gender shall also be taken in the feminine gender, and vice versa.

G    If any document was, but no longer is, in Plaintiff's custody, possession, or control, state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition

H    If any form of privilege is claimed as grounds for not producing a document, state:  (a) the number of the Request(s) to which the document is responsive; (b) the nature of and basis for the privilege claimed; (c) the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), number

of pages, and general subject matter; (d) the identity of all persons who have knowledge of the contents of the document; (e) the identity of each person to whom copies of the document have ever been furnished; (f) the addresses and telephone numbers of the author and those individuals who received copies; and (g) whether the document contains any non-privileged material and, if so, a description thereof.

I.      These Requests encompass all documents in the possession, custody, or control of Plaintiff or to which Plaintiff has access, whether or not such documents were prepared by or for Plaintiff. It includes all documents in the possession, custody or control of Plaintiff's attorneys, agents, investigators, employees, representatives, or other parties acting on Plaintiff's behalf, unless privileged

J.      Plaintiff shall either organize and label the produced documents to correspond with the paragraphs in the following Requests or shall produce them as they are kept in the usual course of business.

## DEFINITIONS

A.      As used herein, the term "document" is defined so as to reach all written or printed matter within the scope of Rule 34 of the Federal Rules of Civil Procedure and all "writings and recordings" as defined in Rule 1001 of the

Federal Rules of Evidence, including writings, drawings, graphs, charts, photographs, films, mechanical or electronic recordings, and any other data or information compilations from which information can be obtained; the term also includes all drafts, alterations, modifications, and non-identical copies of any of the foregoing.

B.    The terms "relevant" or "relate(s)" are defined so as to reach all matters within the scope of discovery under the Federal Rules of Civil Procedure, including all matters which, though inadmissible at the trial, are reasonably calculated to lead to the discovery of admissible evidence.

C     The term "person" includes a natural person, corporation, partnership, other business association or entity, and any governmental body.

D     The terms "you" and "your" refer to Plaintiff and/or any agent or representative acting on Plaintiff's behalf.

## DOCUMENTS TO BE PRODUCED

Plaintiff is requested to produce the following documents:

## REQUEST NO. 1:

All documents, including, but not limited to, audio/visual electronic recordings and communications, tape recordings, email messages, diaries, journals, calendars, daytimers, notes, memoranda, correspondence, pay stubs, expense

reports, performance evaluations, disciplinary records, employee handbooks, employment policies, benefit descriptions, logs, and reports and photographs, which prove support or constitute evidence of the allegations you have made in this lawsuit, including, but not limited to, your claims of race discrimination or were otherwise identified in response to Interrogatory No 16 of Defendant's First Interrogatories

## REQUEST NO. 2:

All documents which describe your educational background, occupational training, work experience, and qualifications, including, but not limited to, all resumes, transcripts, diplomas, licenses, and certifications or were otherwise identified in response to Interrogatory No. 2 of Defendant's First Interrogatories.

## REQUEST NO. 3:

All documents that reflect or evidence the information requested in Interrogatory No 3 of Defendant's First Interrogatories regarding your employment with any employer (other than AmeriCold but including self-employment) at any time during and since your employment with AmeriCold ended, including, but not limited to, email messages, diaries, journals, calendars, daytimers, notes, memoranda, correspondence, pay stubs, expense reports, sales

records, performance evaluations, disciplinary records, benefit descriptions, logs, and reports or other documents.

**REQUEST NO. 4:**

All documents that relate to in any way or reflect any attempts you have made to obtain employment with any person or entity since your employment with AmeriCold ended, including, but not limited to, correspondence to and from such person or entity (including electronic communications), applications, resumes, notes, and telephone logs or otherwise evidence your response to Interrogatory No. 4 of Defendant's First Interrogatories.

**REQUEST NO. 5:**

All documents which refer to, relate to, or describe any complaints or reports you made to any AmeriCold manager or supervisor about conduct you believe to be unlawful or improper, identified in response to Interrogatory No. 17 of Defendant's First Interrogatories, including, but not limited to, email messages, notes, memoranda, and correspondence.

**REQUEST NO. 6:**

All documents in your possession which were removed from AmeriCold by you without express permission from an authorized manager or were obtained from any individual at AmeriCold and provided to you without

express permission to do so from an authorized manager.

## REQUEST NO. 7:

All documents which relate to, refer to, or describe any oral or written communications or statements made by any past or present officer, agent, employee, representative, or consultant of AmeriCold concerning any allegations in the Complaint, or pertaining to this action, related administrative or judicial actions, or their subject matters.

## REQUEST NO. 8:

All documents consisting of, or relating or referring to, any statements taken from or given by you or taken from or given by any other individual regarding the subject matter of this lawsuit or otherwise evidence your response to Interrogatory No 12 of Defendant's First Interrogatories

## REQUEST NO. 9:

All documents which relate to, refer to, or describe any medical treatment that you have received in the past ten (10) years, including, but not limited to, medical records, written evaluations, diagnoses, medical assessments, appointments, and prescriptions, as well as any other documents that relate to, refer to, or describe your medical, physical, mental, or emotional condition or otherwise evidence your response to Interrogatory Nos. 5, 6 and 7 of Defendant's First

Interrogatories.

**REQUEST NO. 10:**

All documents which relate to, refer to, or describe the judicial and/or administrative proceedings (civil, bankruptcy, or criminal, including, but not limited to, bankruptcy proceedings, social security benefits proceedings, or unemployment benefit proceedings), other than this action, to which you have been a party or a witness at a deposition, via affidavit, or at a hearing or trial or otherwise evidence your response to Interrogatory Nos. 9 and 10 of Defendant's First Interrogatories.

**REQUEST NO. 11:**

All documents reflecting income or compensation of any kind that you have received, including, but not limited to, pay stubs and your complete state and federal income tax returns (and all attachments) and W-2 forms, from January 1, 2000 through the present.

**REQUEST NO. 11:**

All documents which relate to, refer to, describe, are relevant to, support, or controvert any and all damages (by nature and amount, including punitive) that you seek to recover from AmeriCold or are otherwise identified in response to Interrogatory No. 20 of Defendant's First Interrogatories.

**REQUEST NO. 12:**

All documents referring to or identifying any experts with whom you or anyone acting on your behalf have consulted on any issue for this case or whom you expect to call as a witness at trial, including all documents referring or relating to the subject matter of any such expert's testimony, as well as the substance of all facts and opinions, and grounds for such opinions, to be presented in connection with such expected testimony or otherwise evidence your response to Interrogatory Nos. 18 and 19 of Defendant's First Interrogatories

**REQUEST NO. 13:**

All documents which were relied upon, referred to, or identified in your response to Interrogatory No. 23 of Defendant's First Interrogatories.

**REQUEST NO. 14:**

Any documents which reflect or evidence any report or complaint to any AmeriCold manager or supervisor about conduct you believe to be unlawful or improper or that otherwise relate to your response to Interrogatory No. 17 of Defendant's First Interrogatories.

**REQUEST NO. 15:**

Any documents which refer to, relate to, or evidence, your response to Interrogatory No. 22 regarding any arrest, charge or conviction of any crime within

the last ten (10) years.

Submitted this 1st day of February, 2008.

Thomas A. Davis (ASB-5877-S56T)
DD: 205-332-3101
E-Mail: davist@jacksonlewis.com
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway
Suite 870
Birmingham, Alabama 35209
Phone: 205-332-3108
Facsimile: 205-332-3131

Dion Y. Kohler (GA Bar No. 427715)
E-Mail: kohlerd@jacksonlewis.com
**JACKSON LEWIS LLP**
1155 Peachtree Street, NE
Atlanta, Georgia 30309
Facsimile: 404-525-1173

**ATTORNEYS FOR DEFENDANT
AMERICOLD LOGISTICS, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REVELL MCGHEE,                        )
                                      )
        Plaintiff,                    )        Civil Action No
                                      )        2:07-CV-817-MEF
        v.                            )
                                      )
AMERICOLD LOGISTICS, LLC,             )
                                      )
        Defendant.                    )

## CERTIFICATE OF SERVICE

I hereby certify that I have served counsel for Plaintiff with the foregoing

**DEFENDANT AMERICOLD LOGISTICS, LLC'S FIRST REQUEST FOR**

**PRODUCTION OF DOCUMENTS TO PLAINTIFF**, by causing a copy to be

deposited in the United States mail, first class, postage prepaid, to:

    Juraldine Battle-Hodge, Esq.
    207 Montgomery Street, Suite 215
    Montgomery, AL 36104

This 1st day of February, 2008.

                                    _____
                                    Counsel for Defendant

# EXHIBIT C



| Jackson Lewis LLP | ATLANTA GA | LOS ANGELES CA | PORTLAND, OR |
| 1155 Peachtree Street NE | BIRMINGHAM, AL | MIAMI FL | PROVIDENCE RI |
| Suite 1000 | BOSTON MA | MINNEAPOLIS MN | RALEIGH-DURHAM NC |
| Atlanta, Georgia 30309-3600 | CHICAGO IL | MORRISTOWN NJ | RICHMOND VA |
| Tel 404 525-8200 | CLEVELAND OH | NEW ORLEANS LA | SACRAMENTO CA |
| Fax 404 525-1173 | DALLAS TX | NEW YORK NY | SAN FRANCISCO CA |
| www.jacksonlewis.com | DENVER, CO | ORANGE COUNTY CA | SEATTLE WA |
| | GREENVILLE SC | ORLANDO FL | STAMFORD CT |
| | HARTFORD CT | PHILADELPHIA PA | WASHINGTON, DC REGION |
| | HOUSTON TX | PHOENIX AZ | WHITE PLAINS NY |
| | LONG ISLAND NY | PITTSBURGH PA | |

Amy R. Perkins
Direct Dial: 404-586-1855
Email Address: perkinsa@jacksonlewis.com

April 1, 2008

<u>VIA FACSIMILE (334) 263-5569</u>
<u>AND U.S. MAIL</u>

Juraldine Battle-Hodge, Esq
207 Montgomery Street
Suite 215
Montgomery, AL 36104

     Re: <u>Revell McGhee and Americold Logistics, LLC;</u>
       <u>Civil Action No. 2:07-CV-00817-MEF</u>

Dear Juraldine:

   We served Defendant's First Interrogatories and Request for Production of Documents in the above matter via U.S mail on February 1, 2008 Plaintiff's responses to these requests were due on or before March 5, 2008 To date however, we have not received Mr McGhee's responses I tried to reach you by phone on March 13, 2008, to inquire about the status of your responses to our discovery requests, but was told you were unavailable I left a message, but have not yet heard back from you

   We need to schedule Mr McGhee's deposition, but we cannot do so until we receive responses to our discovery requests, which are now a month late This information is necessary to enable us to prosecute our defense Accordingly, if we do not receive responses to Defendant's Interrogatories and First Request for Production by April 9, 2008, we will be forced to file a motion to compel and seek attorney's fees.

   We would certainly prefer to resolve this matter without the need for court intervention. Please contact me as soon as possible so that we can discuss the status of these



Juraldine Battle-Hodge, Esq
April 1, 2008
Page 2
RE: McGhee v AmeriCold Logistics

responses, as well as dates on which you and Mr McGhee are available for his deposition. I look forward to hearing from you shortly

Very truly yours,

JACKSON LEWIS LLP

Amy R Perkins

ARP/dbm
cc:    Dion Y Kohler, Esq. (via e-mail)
        Tom A Davis, Esq. (via e-mail)
        Walt Metz, Esq
        Ms Kathy Dodd

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REVELL MCGHEE                      )
                                   )
         Plaintiff,                )        Civil Action No
                                   )        2:07-CV-817-MEF
         v                         )
                                   )
AMERICOLD LOGISTICS, LLC,          )
                                   )
         Defendant                 )

**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW, the Plaintiff, Revell McGhee, and responds to Defendant's First Set of

Interrogatories

**INTERROGATORY#1:**

Provide the addresses of all locations where you have resided in the last ten (10) years and, for each

such location, provide the dates of residence and whether you owned or rented the property

**RESPONSE#1:**

6609 Denham Court, Montgomery, AL 36108, 2033 Mona Lisa Drive, Montgomery, AL 36111, 2158

Beverly Drive, Montgomery, AL 36111, and 448 County Road 305, Plantersville, AL 36758

**INTERROGATORY#2:**

Identify all high schools, colleges, universities, trade schools, special skill classes, or other educational

institutions/programs you have attended, and for each institution specify:

A    The address of such institution;

B    The dates you attended such institution;

C    Your grade point average

D    All degrees, diplomas, certifications Or licenses sought and/or obtained from each such institution;
     and

E    The date you obtained each such degree, diploma, certification, or license.

**RESPONSE#2:**

(J. E. Terry Elementary School) Plantersville, AL 36758, 1969-1975, B average, Grade School diploma  (Dallas County High School) Plantersville, AL 36758, 1976-1981, B average, High School diploma obtained in May of 1981  (George Corley Wallace College) Selma, AL 36701, 1981-1983, A average, obtained diploma in 1983

## INTERROGATORY#3:

Identify by name, address, and telephone number each person or entity for whom you have performed services during or since your employment with AmeriCold (other than with AmeriCold but including self-employment), and describe your employment including, but not limited to, the dates of your employment, the position(s) held, the name of your supervisor(s), your compensation (including salary, bonuses and fringe benefits), including the date and amount of any raises, and , if applicable, the reason your employment ended

## RESPONSE#3:

I have been employed with Lear Corporation since January 31, 2006. Their address is 200 Folmar Parkway, Montgomery, AL, 36105. Their phone number is (334) 280-5506. My Supervisors since I have been employed with Lear are: Cordell Williams and now Steve. I'm not sure exactly what his last name is. I have had four pay raises since being employed with Lear Corporation. The first was April, 2006, for $ 50. The second was July, 2006, for $ 50. The third was October, 2006, for $ 50. The fourth was January 31, 2008, for $.75

## INTERROGATORY#4:

Describe in detail all efforts you have made to obtain other employment since your employment with AmeriCold ended, including, but not limited to, the name and address of any prospective employer or employment agency you contacted or that contacted you regarding potential employment, the method and date of such contact, the position sought and the associated salary, the identity of the employer representative(s) you contacted or with whom you were offered employment or whether you were rejected.

## RESPONSE#4:

The Unemployment Services of Montgomery, AL helped me to obtain my job with Lear of Montgomery. My wages are $14.75 per hour. I am a Forklift Operator at Lear

## INTERROGATORY #5:

If you have been examined by, treated by, or have otherwise consulted with a physician, psychiatrist, psychologist, therapist, or other healthcare provider in the last ten(10) years, identify such healthcare provider and provide the dates of each such consultation and a description of any complaint, examination results, diagnosis, treatment, and prognosis for each such consultation

**RESPONSE#5:**

I saw Dr Newman of Jackson Hospital, Montgomery, AL, on February 9, 2004  My reason for seeing him was because of my sexual problems, stress and discomfort  I was prescribed Cialis to be used once per month.

**INTERROGATORY#6:**

Identify any physician, psychologist, healthcare provider, social worker, counselor, or other individual with whom you have sought, and/or are currently seeking treatment for psychological pain and suffering, mental anguish, and emotional distress you allege was caused by AmeriCold as set forth in Paragraph 19a of the Complaint

**RESPONSE#6:**

Dr Newman at Jackson Hospital.

**INTERROGATORY#7:**

Please state the name and dosage of any medications that have been prescribed to you in the last ten (10) years, and, for medication, provide the name of the medical provider who prescribed such medication, the reason such medication was prescribed, and the period such medication was taken

**RESPONSE#7:**

Cialis, twice a month because of emotional distress from AmeriCold  It caused a lack of sexual performance with my wife  The physician that I saw was Dr Newman

**INTERROGATORY#8:**

Please identify any employee or former employee of AmeriCold whom you believe was treated more favorably than you because of race and describe all the facts and circumstances upon which you base the allegation that such persons was treated more favorably than you because of race

**RESPONSE#8:**

Gary Denton, Billy, Bedford, Roland Spivey, Ashley Overstreet, Layton, and David Mosley

**INTERROGATORY#9:**

Identify by name, date, agency, or court any judicial and administrative proceedings (whether civil, bankruptcy, or criminal), other than this action, to which you have been a party or witness and describe in detail the nature of the proceeding, including the subject matter, location, jurisdiction, nature of your involvement, including any testimony you may have given, and the outcome or present status

**RESPONSE#9:**

Municipal Court with Mrs Nakia Smith on a Harassment charge  It was at the Montgomery Municipal Courthouse  Mrs  Smith told Kirk Forhead or Forhand that I attacked her at the job site  I was found Not Guilty

**INTERROGATORY#10:**

Identify each charge or complaint that you have ever filed with any government agency, and describe in detail the nature of the charge(s) or complaint(s) and the outcome(s)

**RESPONSE#10:**

I filed a complaint with the Equal Employment Opportunity Commission

**INTERROGATORY#11:**

Identify all persons, other than your attorneys, with whom you have communicated concerning the facts, allegations, or issues involved in this action, including, without limitation, any current or former employees of AmeriCold, and describe in detail the substance, date, time, and location of each communication

**RESPONSE#11:**

Nannette Thomas. Talked to her about how was fired and how was falsely accused of harassment toward Ms  Smith and how I was discriminated against  I spoke with her about two years ago  I also have spoken with her in 2008

**INTERROGATORY#12:**

State whether any statement, written or otherwise, was obtained from anyone who was interviewed or questioned on your behalf in connection with this litigation  If your answer is in the affirmative, identify the person(s) giving such statement(s), the date(s) of the statement(s), identify all persons who have present

custody of the statement(s), identify any person who has seen or examined such statement(s), and describe the statement(s) in detail

**RESPONSE#12:**

None

**INTERROGATORY#13:**

Identify each person having personal knowledge of any facts or matters that support or controvert your claims or allegations in this action, and describe in detail the nature and extent of the knowledge possessed by each such person

**RESPONSE#13:**

Though not an exhaustive list: Hennis McGhee, Nannette Thomas, Kim, Lee McCall, Cody, Ashley Overstreet, Billy Bedford, and Gary Denton

**INTERROGATORY#14:**

Please state each and every fact you contend proves, supports or constitutes evidence of the allegation that you were discriminated against by AmeriCold because of your race

**RESPONSE#14:**

Though not an exhaustive list, Gary Denton forced me to work long hours and Billy Bedford did not work long hours, he would leave early  Kirk Forhead or Forhand held my pay raise six months longer than it was supposed to  I was not allowed to use the conference room with my employees.  The white ones would lock the room up when they left  I was not allowed to interview my men for pay raise because they were 99% black employees  I was not allowed to have a relief man when we worked long hours  I was not allowed a lead man for 1 year as a supervisor  I was not allowed to use office equipment  I was denied training on any office equipment  I was not allowed to use the supervisors' restroom.  It was for whites only  I did not get support from Kirk or Gary Denton when I was attacked by Mrs. Nakia Smith on the job site  When there was food for the supervisors, I always got what was left over and so did my men  Kirk Forhead or Forhand knew that I was next in for a promotion to go to day shift  He did not want a black man working side by side with

him so he lied and said that I was a bad supervisor and he fired me  Ashley and Roland were fighting with

weapons in the work place  Kirk Forhead or Forhand witnessed this and sent both employees back to work

(These men were white) Billy Bedford was able to leave and go home  When I was lead man I had to fill in

for him  I did not receive Supervisor's pay for that work  Cameras were installed because I was promoted to

on Night Supervisor to watch me and my men  Billy Bedford never had cameras stalking him while he was

Night Supervisor  Only whites were allowed in the office for personal calls  The blacks received a sticky note

on the time clock  I was not allowed in the maintenance office  Only the white had a key to that office  I was

only allowed in the shop area, not the office part

**INTERROGATORY#15:**

Identify each document, photograph, audiotape, videotape, computer file, or other recording that you

contend proves, supports or constitutes evidence of your allegations in the Complaint, including your

allegation that you were discriminated against by AmeriCold because of your race

**RESPONSE#15:**

Should Plaintiff ascertain requested information, Plaintiff will supplement his response

**INTERROGATORY#16:**

Please state each act of race discrimination you claim was committed against you by AmeriCold, and

identify any employee or former employee whom you claim engaged in or was involved in such action, the

date of such action, how you learned of such action and your basis for alleging such action, how you learned of

such action and your basis for alleging such action was due to your race

**RESPONSE#16:**

Though Plaintiff is without an exhaustive list, See Response #14  Additionally, Gary Denton called

me Darkey and made race remarks about my family background  (1997-2004)

Billy Bedford pushed me in 2002 when he was supervisor and said that I was a worthless nigger

Gary Denton also said that all Auburn fans are black or low class whites who live in the state for one reason;

just to serve and obey  (1998-2004)

Billy Bedford also said that black people are the only ones who could do this cold weather for pennies because

we are stupid  (1998-2004)

**INTERROGATORY#17:**

Please identify any complaints or reports you made to any AmeriCold manager or supervisor about conduct you believe to be unlawful or improper, and provide the identity of the individual to whom such complaint or report was made, the date, the substance of such complaint or report, and any subsequent action or discussion regarding such complaint or report

**RESPONSE#17:**

Though not exhaustive, I reported Mrs Nakia Smith to Kirk and Gary, but nothing was done This was about August, October, and December of 2004. In December 2005, I reported Ms Smith's actions to Kirk Forehand. I also reported the disparity in treatment between me and white employees.

**INTERROGATORY#18:**

Identify and state the qualifications and areas of expertise of each person you intend to call as an expert witness for any issue in this action, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, a summary of the grounds for each opinion, all documents and other information which have been provided to or received from each such person including any report or drafts of such reports, all written communications to or from such person and any additional information set forth in FED R CIV P 26(a)(2)(A)and (B)

**RESPONSE#18:**

See initial disclosures   I will supplement my response once additional information is ascertained

**INTERROGATORY#19:**

Identify any expert who has been consulted, retained or employed by you in anticipation of this litigation or preparation for trial, but who is not expected to be called as a witness at trial

**RESPONSE#19:**

None

**INTERROGATORY#20:**

Itemize all damages you claim to have suffered as a result of the alleged unlawful conduct by AmeriCold, and specify the nature of the damages, the dollar amount, and how you calculate the amount and identify any documents which evidence such damages or show how such calculations were made

**RESPONSE#20:**

This information will be supplied once ascertained

**INTERROGATORY#21:**

State whether you have ever been arrested charged or convicted of any crime within the last ten (10) years  If so, please state the nature of the alleged crime, the jurisdiction in which you were arrested, charged, and/or convicted, and the date of the arrest, charge and /or conviction and the resolution including any sentence, restitution or probation

**RESPONSE#21:**

I was arrested when I was falsely accused of harassment by Nikia Smith.  I was not convicted  This was in December 2005  Montgomery Municipal Court

**INTERROGATORY#22:**

Please identify any person who assisted in preparing these responses and the specific Interrogatory for which such person provided information or assistance

**RESPONSE#22:**

Attorney

<u>**INTERROGATORY#23:**</u>

Please identify any documents which were used, consulted or reviewed in order to respond to

these Interrogatories

<u>**RESPONSE#23:**</u>

I utilized your memory

*Revell McGhee*

Revell McGhee

**STATE OF ALABAMA**
**COUNTY OF MONTGOMERY**

On this the 11 ᵀᴴ day of APRIL                2008, before me, the
undersigned Notary Public, in and for said State and County, personally appeared,
Revell McGhee who is known to me, and states that the foregoing information is true
and correct to the best of his information, belief and knowledge, and that he executed
same voluntarily on the day the same bears date

NOTARY PUBLIC

My Commission Expires: 3/25/12

Juraldine Battle-Hodge
Attorney for the Plaintiff
Law Offices of Juraldine Battle-Hodge, P C
207 Montgomery St, Suite 215
Montgomery, AL 36104
Phone: (334)262-1177
Facsimile: (334)263-5569

# EXHIBIT E



Jackson Lewis LLP
1155 Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309-3600
Tel 404 525-8200
Fax 404 525-1173
www.jacksonlewis.com

| ATLANTA GA | LOS ANGELES CA | PORTLAND OR |
|---|---|---|
| BIRMINGHAM AL | MIAMI FL | PROVIDENCE RI |
| BOSTON MA | MINNEAPOLIS MN | RALEIGH DURHAM NC |
| CHICAGO IL | MORRISTOWN NJ | RICHMOND VA |
| CLEVELAND OH | NEW ORLEANS LA | SACRAMENTO CA |
| DALLAS TX | NEW YORK NY | SAN FRANCISCO CA |
| DENVER CO | ORANGE COUNTY CA | SEATTLE WA |
| GREENVILLE SC | ORLANDO FL | STAMFORD CT |
| HARTFORD CT | PHILADELPHIA PA | WASHINGTON DC REGION |
| HOUSTON TX | PHOENIX AZ | WHITE PLAINS NY |
| LONG ISLAND NY | PITTSBURGH PA | |

Amy R. Perkins
Direct Dial: 404-586-1855
Email Address: perkinsa@jacksonlewis.com

May 6, 2008

<u>VIA FACSIMILE (334) 263-5569 AND U.S. MAIL</u>

Juraldine Battle-Hodge, Esq.
207 Montgomery Street
Suite 215
Montgomery, AL 36104

Re:   <u>Revell McGhee and AmeriCold Logistics, LLC;</u>
      <u>Civil Action No. 2:07-CV-00817-MEF</u>

Dear Juraldine:

We have not yet received responses to Defendant's First Request for Production of Documents in the above matter. These responses are now over two months late. As we previously indicated, this information is necessary to enable us to prosecute our defense, and we cannot proceed with depositions in this case until we have received complete responses to our discovery requests.

We previously advised you that we would be forced to file a motion to compel and seek attorney's fees if we did not receive responses to Defendant's Interrogatories and First Request for Production by April 9, 2008. We agreed by telephone to extend this deadline to April 11, 2008. We received incomplete responses to Defendant's First Interrogatories on April 11, but to date we have still not received responses to our Request for Production of Documents. We have been patient and cooperative with you thus far, but discovery must move forward in this case. If we do not receive Plaintiff's responses to Defendant's First Request for Production of Documents and completed responses to Defendant's First Interrogatories by May 16, 2008, we will file a motion to compel and seek attorney's fees.

Plaintiff's responses to Defendant's First Interrogatories are deficient and/or incomplete as follows:

<u>Interrogatory #4</u>:    Plaintiff responded that the Unemployment Services of Montgomery, AL helped him obtain his job with Lear of Montgomery. Please provide the method and date(s) of Plaintiff's contact with this agency and the method and date of Plaintiff's contact with Lear of



Juraldine Battle-Hodge, Esq
May 6, 2008
Page 2
RE: McGhee v AmeriCold Logistics

Montgomery    Describe all efforts Plaintiff made to obtain other employment after his employment with AmeriCold ended, or confirm that no other efforts were made

**Interrogatory #5:**    Plaintiff responded that the only physician, psychiatrist, psychologist, therapist or other healthcare provider he has seen in the last ten (10) years was Dr. Newman at Jackson Hospital on February 9, 2004   Please confirm that Plaintiff's response is not limited to doctors Plaintiff has seen allegedly related to his claim for damages in this lawsuit  Otherwise, please identify any physician, psychiatrist, psychologist, therapist, or other healthcare provider Plaintiff has seen in the last ten (10) years, and provide the dates of each such consultation and a description of any complaint, examination results, diagnosis, treatment, and prognosis for each such consultation

**Interrogatory #7:**    Plaintiff responded that the only medication that has been prescribed to him in the last ten (10) years was Cialis. Please provide the period such mediation was taken  Please also confirm that this is the only medication that has been prescribed to Plaintiff in the last ten (10) years, and that Plaintiff's response is not limited to doctors Plaintiff has seen allegedly related to his claim for damages in this lawsuit  Otherwise, for each medication, provide the name of the medical provider who prescribed such medication, the reason such medication was prescribed, and the period such medication was taken

**Interrogatory #8:**    Plaintiff responded only with a list of names  Please describe all facts and circumstances supporting the allegation that such persons were treated more favorably than Plaintiff because of race

**Interrogatory #13:**    Plaintiff responded only with a list of names    Defendant objects to Plaintiff's statement that his response is "not an exhaustive list"  Plaintiff must identify <u>each person</u> having personal knowledge of any facts or matters that support or controvert his claims or allegations in this action, <u>and describe in detail the nature and extent of the knowledge possessed by each such person</u>  If there are no additional witnesses having personal knowledge responsive to this Interrogatory, please confirm this in your response

**Interrogatory #14:**    Defendant objects to Plaintiff's statement that his response is "not an exhaustive list"  Plaintiff must state <u>each and every fact</u> he contends proves, supports or constitutes evidence of the allegation that he was discriminated against by AmeriCold because of his race  If there are no additional facts that prove, support or constitute evidence of Plaintiff's allegation that AmeriCold discriminated against him because of his race, please confirm this in your response

**Interrogatory #15:**    Please confirm that there are no documents, photographs, audiotapes, videotapes, computer files or other recordings that Plaintiff contends support or constitute evidence of the allegations in his Complaint

**Interrogatory #16:**    Defendant objects to Plaintiff's statement that "Plaintiff is without an exhaustive list"  As with Interrogatory #14, Plaintiff must state <u>each act</u> of race discrimination



Juraldine Battle-Hodge, Esq
May 6, 2008
Page 3
RE: McGhee v AmeriCold Logistics

he claims was committed against him by AmeriCold, and must identify any employee or former employee whom he claims engaged in or was involved in such action, the date of such action, how he learned of such action and his basis for alleging such action was due to his race  If there are no additional acts of race discrimination Plaintiff claims were committed against him by AmeriCold, please confirm this in your response

**Interrogatory #17**:  Plaintiff's response includes the statement that he "reported the disparity in treatment between me and white employees "  Plaintiff must provide the identity of the individual to whom such complaint or report was made, the date, the substance of such complaint or report, and any subsequent action or discussion regarding such complaint or report  Defendant also objects to Plaintiff's statement that his response is "not exhaustive "  Plaintiff must identify any complaints or reports he made to any AmeriCold manager or supervisor about conduct he believes to be unlawful or improper  If there are no additional complaints or reports Plaintiff made to any AmeriCold manager or supervisor about conduct he believed to be unlawful or improper, please confirm this in your response

**Interrogatory #20**:   Plaintiff responded that information regarding damages Plaintiff claims to have suffered as a result of alleged unlawful conduct by AmeriCold will be supplied  This response is insufficient, and Plaintiff must answer the Interrogatory

Enclosed please find authorizations for release of Plaintiff's medical and psychotherapy records  Please have Plaintiff sign these as soon as possible and return them to us  If there are additional medical providers whom Plaintiff has seen in the last ten years, please let us know as soon as possible so we can obtain additional signed medical releases as necessary

We would prefer to avoid court intervention in this discovery dispute, but we will have no other choice if we do not receive complete discovery responses by May 16, 2008  Please contact us if you would like to discuss further

Very truly yours,

JACKSON LEWIS LLP

Amy R Perkins

ARP/dbm
Enclosures
cc:    Dion Y Kohler, Esq (via e-mail)
       Tom A Davis, Esq (via e-mail)

# EXHIBIT F

MEDICAL RECORDS AUTHORIZATION

I, Revell McGhee ("Patient"), hereby authorize the use or disclosure of information related to my health care and medical treatment as described and for the purpose set forth in this authorization. My date of birth is 8/10/1963, and my Social Security/ID Number is 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

1    Name(s) of person(s)/organization(s) (or class(es) of person(s)) authorized to provide the health information:

Any and all health care providers who have provided medical treatment or health care to Patient identified, between the period of January 1, 2000 to the present

2    Purpose of the request:

I authorize the disclosure of the information described in this authorization solely for the purpose of litigation is the case captioned Revell McGhee v. Americold Logistics, LLC, Civil Action No 2:07-CV-00817, United States District Court, Middle District of Alabama, Northern Division and any related litigation

3    Name person(s)/organization(s) (or class(es) of person(s)) authorized to receive, use and disclose the information:

Attorneys, paralegals and staff of
Jackson Lewis LLP
1155 Peachtree Street NE, Suite 1000
Atlanta, GA 30309-3600

Employees of Americold Logistics, LLC who are involved in the preparation and defense of this case

Experts or other witnesses identified, consulted or retained by Jackson Lewis LLP, Americold Logistics, LLC or any other party to this litigation

Other persons, organizations and/or entities directly connected with this litigation including but not limited to the court, court reporter(s), copy services and others

4    Description of information authorized to be disclosed:

Any and all records or data of any kind (including electronic and hard copy information) regarding health care and medical testing and treatment provided to me, between the period of January 1, 2000 to the present, including but not limited to:

| Entire patient record | Visit notes | Photographs/Videos/Text |
|---|---|---|
| Operative reports | Discharge Summaries | Test reports |
| Laboratory reports | Diagnosis/Treatment | |
| Consult Reports | Treatment History | |
| Mental health records including but not limited to psychological, social work, and psychiatric reports, full daily hospital and clinic records, psychological test results and raw data, correspondence, family, marital and group psychotherapy summaries and reports, school and work counseling records, medical insurance forms, medication records, forensic evaluations and raw data | | |

*NOTE: This Authorization may not be combined with an authorization to disclose psychotherapy notes*

The following paragraphs describe your rights with respect to this Authorization:

o   I understand that I have the right to revoke this Authorization at any time by notifying in writing the person/organization authorized herein at Jackson Lewis, LLP, Atlanta Office

o   I understand that the revocation is only effective after it is received, logged by such person/organization and where applicable the providers referred to in paragraph 1 above have been notified   I understand that any use or disclosure made prior to the covered entity's receipt of the revocation will not be affected by the revocation nor will the revocation apply to disclosures made in reliance on this Authorization

o   I understand that after this information if disclosed, federal and state law might not protect it and the recipient might redisclose it   I understand that I may refuse to sign this Authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits

o   I understand that I am entitled to receive a copy of this Authorization and that a photocopy of this form shall have the same the legal weight as an original

o   I understand that this Authorization is voluntary

o   I understand that unless I revoke this Authorization sooner, as provided above, this Authorization will terminate at the final conclusion of the above referenced litigation

Signature of Claimant/Patient: _____

Date: _____

*or*
*Personal Representative's Section*

I, _____, hereby certify that I am the personal representative of _____ and warrant that I have the authority to sign this form on the basis of:
_____
_____

PSYCHOTHERAPY NOTES AUTHORIZATION

I, Revell McGhee ("Patient"), hereby authorize the use or disclosure of my psychotherapy records as described and for the purpose set forth in this authorization  My date of birth is 8/10/1963, and my Social Security/ID Number is 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

1    Name(s) of person(s)/organization(s) (or class(es) of person(s)) authorized to provide the health information:

Any and all mental health care providers (including but not limited to psychologists, psychiatrists, psychotherapists, social workers, clergy, marriage counselors, sexual assault counselors, drug counselors and HIV/AIDS counselors) who have provided psychotherapy treatment in the form of counseling, treatment or healthcare to Patient identified, between the period of January 1, 2000 to the present

2    Purpose of the request:

I authorize the disclosure of the information described in this authorization solely for the purpose of litigation is the case captioned Revell McGhee v. Americold Logistics, LLC, Civil Action No 2:07-CV-00817, United States District Court, Middle District of Alabama, Northern Division and any related litigation

3    Name person(s)/organization(s) (or class(es) of person(s)) authorized to receive, use and disclose the information:

Attorneys, paralegals and staff of
Jackson Lewis LLP
1155 Peachtree Street NE, Suite 1000
Atlanta, GA 30309-3600

Employees of Americold Logistics, LLC who are involved in the preparation and defense of this case

Experts or other witnesses identified, consulted or retained by Jackson Lewis LLP, Americold Logistics, LLC or any other party to this litigation

Other persons, organizations and/or entities directly connected with this litigation including but not limited to the court, court reporter(s), copy services and others

4    Description of information authorized to be disclosed:

Any and all records or data of any kind in any medium (including electronic and hard copy information) that constitute psychotherapy notes as defined below, between the period of January 1, 2000 to the present

• notes recorded by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of the individual's medical record

*NOTE  Because this Authorization relates to psychotherapy notes, it may not be combined with an authorization to disclose other health information*

The following paragraphs describe your rights with respect to this Authorization:

o   I understand that I have the right to revoke this Authorization at any time by notifying in writing the person/organization authorized herein at Jackson Lewis, LLP, Atlanta Office

o   I understand that the revocation is only effective after it is received, logged by such person/organization and where applicable the providers referred to in paragraph 1 above have been notified  I understand that any use or disclosure made prior to the covered entity's receipt of the revocation will not be affected by the revocation nor will the revocation apply to disclosures made in reliance on this Authorization

o   I understand that after this information if disclosed, federal and state law might not protect it and the recipient might redisclose it  I understand that I may refuse to sign this Authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits

o   I understand that I am entitled to receive a copy of this Authorization and that a photocopy of this form shall have the same the legal weight as an original

o   I understand that this Authorization is voluntary

o   I understand that unless I revoke this Authorization sooner, as provided above, this Authorization will terminate at the final conclusion of the above-referenced litigation

Signature of Claimant/Patient: _____

Date:  _____

*or*
*Personal Representative's Section*

I, _____, hereby certify that I am the personal representative of _____ and warrant that I have the authority to sign this form on the basis of:

_____

_____

# EXHIBIT G



| | | |
|---|---|---|
| Jackson Lewis LLP | ATLANTA GA | LOS ANGELES CA | PORTLAND OR |
| 1155 Peachtree Street NE | BIRMINGHAM AL | MIAMI FL | PROVIDENCE RI |
| Suite 1000 | BOSTON MA | MINNEAPOLIS MN | RALEIGH DURHAM NC |
| Atlanta Georgia 30309-3600 | CHICAGO IL | MORRISTOWN NJ | RICHMOND VA |
| Tel 404 525-8200 | CLEVELAND OH | NEW ORLEANS LA | SACRAMENTO CA |
| Fax 404 525-1173 | DALLAS TX | NEW YORK NY | SAN FRANCISCO CA |
| www.jacksonlewis.com | DENVER CO | ORANGE COUNTY CA | SEATTLE WA |
| | GREENVILLE SC | ORLANDO FL | STAMFORD CT |
| | HARTFORD CT | PHILADELPHIA PA | WASHINGTON DC REGION |
| | HOUSTON TX | PHOENIX AZ | WHITE PLAINS NY |
| | LONG ISLAND NY | PITTSBURGH PA | |

Amy R. Perkins
Direct Dial: 404-586-1855
Email Address perkinsa@jacksonlewis.com

May 21, 2008

<u>VIA FACSIMILE (334) 263-5569</u>
<u>AND U.S. MAIL</u>

Juraldine Battle-Hodge, Esq
207 Montgomery Street
Suite 215
Montgomery, AL 36104

Re:     Revell McGhee and AmeriCold Logistics, LLC;
         Civil Action No. 2:07-CV-00817-MEF

Dear Juraldine:

        As you are aware, we are still awaiting Plaintiff's responses to Defendant's First
Request for Production of Documents in the above matter, as well as complete responses to
Defendant's First Interrogatories  In our last correspondence to you about this matter on May 6,
we advised that we needed these responses by May 16 or we would be forced to move forward
with a motion to compel

        As we have previously stated, we would prefer to resolve this matter without the
need for the court's intervention  For this reason, we have agreed to extend the original deadline
for Plaintiff's responses from March 5 to April 9, then to April 11, and then to May 16  When
we spoke yesterday, you indicated that you were in the process of moving your office and all of
your systems were down at the end of last week  We appreciate that circumstances can, and do,
arise that make it difficult to meet deadlines  At this point, however, we have run out of time to
accommodate any further delays

        As you assured me in our conversation yesterday, you will meet with your client
and have these completed responses to us by this Friday, May 23, 2008  As I indicated,
however, if we do not have <u>completed</u> discovery responses in our office by that date, we will
move forward with a motion to compel and seek attorneys' fees with no further discussion

        We also previously sent you medical release authorization forms for Mr McGhee
to sign, which we have not received back  Because Mr McGhee is claiming mental and



Juraldine Battle-Hodge, Esq
May 21, 2008
Page 2
RE: McGhee v AmeriCold Logistics

emotional damages in this case, it is imperative that we obtain his medical records before we can move forward with his deposition   We have enclosed the forms again with this letter, and must have these signed forms returned to us by May 23, 2008

Please contact us if you would like to discuss further

Very truly yours,

JACKSON LEWIS LLP

Amy R. Perkins

ARP/dbm
Enclosures

cc:    Dion Y Kohler, Esq  (via e-mail)
       Tom A Davis, Esq  (via e-mail)

# EXHIBIT H

## LAW OFFICES OF JURALDINE BATTLE-HODGE
### Attorney and Counselor at Law
**318 N. Decatur Street**
**Montgomery, AL 36104**
**Telephone: (334) 262-1177 Fax: (334) 263-5569**

# FACSIMILE

**To:** Thomas A. Davis, Esq.    **From:** Juraldine Battle-Hodge
Dion Y. Kohler, Esq.                Trinity Sullen-Moore

**Fax:** (205) 332-3131      **Pages:** 21 (Including Cover)
(404) 555-1773

**Phone:** (205) 332-3108    **Date:** May 23, 2008

**RE:** Response to Request for Production

**Urgent** ____  **For Review** ____  **Please Comment** ____  **Pease Reply** ____

### CONFIDENTIALITY NOTICE

This information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient of this message you are hereby notified that any dissemination, distribution or copy of this message is strictly prohibited. If received in error, please call immediately

Please excuse the last couple of pages, I will revise once we have gotten Mr. McGhee's signature. Mr. McGhee has not yet come by to sign.

Amy, I promised I would get you something by Friday. Once I get the update & signature,

FROM :Zachary T Collins LLC        FAX NO. :3342635569        May. 23 2008 02:28PM  P1/19



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REVELL MCGHEE               )
                            )
    Plaintiff,           )
                            )
v.                          )
                            )        Case No.:    2:07cv817-MEF
AMERICOLD LOGISTICS, LLC,   )
                            )
                            )
    Defendant.           )
                            )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW**, the Plaintiff, Revell McGhee, and responds to Defendants' Request for Production.

**Request #1:**

    All documents, including, but not limited to, audio/visual electronic recordings and communications, tape recordings, email messages, diaries, journals, calendars, daytimers, notes, memoranda, correspondence, pay stubs, expense reports, performance evaluations, disciplinary records, employee handbooks, employment policies, benefit descriptions, logs and reports and photographs, which prove support or constitute evidence of the allegations you have made in this lawsuit, including, but not limited to, your claims of race discrimination or were otherwise identified in response to Interrogatory No. 16 of Defendant's First Interrogatories.

**Response#1:**

    Will supplement once ascertained.

**Request# 2:**

    All documents which describe your educational background, occupational training, work

experience, and qualifications, including, but not limited to, all resumes, transcripts, diplomas,

licenses, and certifications or were otherwise identified in response to Interrogatory No. 2 of

Defendant's First Interrogatories.

**Response#2:**

    See Exhibit "1".

**Request#3:**

    All documents that reflect or evidence the information requested in Interrogatory No. 3 of

Defendant's First Interrogatories regarding your employment with any employer (other than

Americold but including self-employment) at any time during and since your employment

with Americold ended, including, but not limited to, email messages, diaries, journals, calendars,

daytimers, notes, memoranda, correspondence, paystubs, expense reports, sales records,

performance evaluations, disciplinary records, benefit descriptions, logs, and reports or other

documents.

**Response#3:**

    See Exhibit "2."

**Request#4:**

    All documents that relate to in any way or reflect any attempts you have made to obtain

employment with any person or entity since your employment with Americold ended, including,

but not limited to, correspondence to and from such person or entity (including electronic

communications), applications, resumes, notes, and telephone logs or otherwise evidence your

All documents which describe your educational background, occupational training, work

**Request# 2:**

**Request#5:**

      All documents which refer to, relate to, or describe any complaints or reports you made to any Americold manager or supervisor about conduct you believe to be unlawful or improper, identified in response to Interrogatory No. 17 of Defendant's First Interrogatories, including, but not limited to, email messages, notes, memoranda, and correspondence.

**Response#5:**

      Will be supplemented once ascertained.

**Request#6:**

      All documents in your possession which were removed from Americold by you without express permission from an authorized manager or were obtained from any individual at Americold and provided to you without express permission to do so from an authorized manager

**Response#6:**

      Will supplement once ascertained.

**Request#7:**

      All documents which relate to, refer to, or describe any oral or written communications or statements made by any past or present officer, agent, employee, representative, or consultant of Americold concerning any allegations in the Complaint, or pertaining to this action, related administrative or judicial actions, or their subject matters.

**Response#7:**

      Will supplement once ascertained.

**Request#8:**

      All documents consisting of, or relating or referring to, any statements taken from or given by you or taken from or given by any other individual regarding the subject matter of this

given by you or taken from or given by any other individual regarding the subject matter of this

lawsuit or otherwise evidence your response to Interrogatory No. 12 of Defendant's First

Interrogatories.

**Response#8:**

Will supplement once ascertained.

**Request #9:**

All documents which relate to, refer to, or describe any medical treatment that you have

received in the past ten (10) years, including, but not limited to, medical records, written

evaluations, diagnosis, medical assessments, appointments, and prescriptions, as well as any

other documents that relate to, refer to, or describe your medical, physical, mental, or emotional

condition or otherwise evidence your response to Interrogatory Nos. 5, 6, and 7 of Defendant's

First Interrogatories.

**Response#9:**

Will supplement once ascertained.

**Request#10:**

All documents which relate to, refer to, or describe the judicial and/or administrative

proceedings (civil, bankruptcy, or criminal, including, but not limited to, bankruptcy

proceedings, social security benefits proceedings, or unemployment benefit proceedings), other

than this action, to which you have been a party or a witness at a deposition, via affidavit, or at

hearing or trial or otherwise evidence your response to Interrogatory Nos. 9 and 10 of

Defendant's First Interrogatories.

hearing or trial or otherwise evidence your response to interrogatory Nos. 9 and 10 of

Defendant's First Interrogatories.

**<u>Response#10:</u>**

Will be supplemented once ascertained.

### Request #11:

All documents which relate to, refer to, describe, are relevant to, support, or controvert any and all damages (by nature and amount, including punitive) that you seek to recover from Americold or otherwise identified in response to Interrogatory No. 20 of Defendant's First Interrogatories.

### Response# 11:

Will supplement once ascertained.

### Request#11:

All documents reflecting income or compensation of any kind that you have received, including, but not limited to, pay stubs and your complete state and federal income tax returns (and all attachments) and W-2 forms, from January 1, 2000 through the present.

### Response#11:

See Exhibit "3".

### Request#12:

All documents referring to or identifying any experts with whom you or anyone acting on your behalf have consulted on any issue for this case or whom you expect to call as a witness at trial, including all documents referring or relating to the subject matter of any such expert's testimony, as well as the substance of all facts and opinions, to be presented in connection with such expected testimony or otherwise evidence your response to Interrogatory Nos. 18 and 19 of Defendant's First Interrogatories.

### Response#12:

Will supplement once ascertained.

**Request#13:**

All documents which were relied upon, referred to, or identified in your response to
Interrogatory No. 23 of Defendant's First Interrogatories.

**Response# 13**

Will supplement once ascertained

**Request # 14**

Any documents which reflect or evidence any report or complaint to any Americold
manager or supervisor about conduct you believe to be unlawful or improper or that otherwise
relate to your response to interrogatory No seventeen of Defendants First Interrogatories

**Response# Fourteen:**

Will supplement once ascertained

**Request# Fifteen:**

Any documents which refer to relate to or evidence your response to Interrogatory #
twenty-two regarding any arrest charge or conviction of any crime within the last ten years

**Response# Fifteen:**

Will supplement once ascertained

Submitted this the 23rd day of May, 2008

JURALDINE BATTLE-HODGE
Attorney for the Plaintiff

FROM :Zachary T Collins LLC          FAX NO. :3342635569          May. 23 2008 02:31PM P5/19

## CERTIFICATE OF SERVICE:

I hereby certify that I served a copy of the foregoing document upon the following counsel of record this the 23rd day of May, 2008.

Thomas Davis
Dion Kohler
**JACKSON LEWIS LLP**
1155  Peachtree Street NE
Atlanta GA 36 209

_____

OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

REVELL MCGHEE,            )
                                )
      Plaintiff,           )      Civil Action No.
                                )      2:07-CV-817-MEF
      v.                 )
                                )
AMERICOLD LOGISTICS, LLC,   )
                                )
      Defendant.      )

## PROPOSED ORDER

Upon due Consideration of Defendant's Motion to Compel Discovery Responses and Medical Records and Psychotherapy Notes Authorization Forms and Memorandum in Support, IT IS HEREBY ORDERED that Defendant's Motion is GRANTED.   Plaintiff will provide complete responses to Defendant's First Interrogatories and Request for Production of Documents to Defendant's Counsel  and executed Medical Records and Psychotherapy Notes authorization forms within twenty (20) days of the entry of this Order.  Failure to do so could result in a dismissal with prejudice of Plaintiff's action.

Signed this _____ day of _____, 2008.

_____
CHIEF UNITED STATES DISTRICT JUDGE