IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REVELL MCGHEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:07-CV-817-MEF-TFM |
| | ) |
| AMERICOLD LOGISTICS, LLC, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Upon consideration of Plaintiff's response to this Court's Order to show cause as to why Defendant's *Motion to Compel Discovery Responses and Medical Records and Psychotherapy Notes Authorization Forms* should not be granted (Doc. #26; June 23, 2008), it is hereby

**ORDERED** that the *Motion to Compel* . . . (Doc. #21, June 4, 2008) is hereby **GRANTED**. Plaintiff is instructed to provide complete responses to Defendant's First Interrogatories and Request for Production of Documents to Defendant's counsel, and executed Medical Records and Psychotherapy Notes authorization forms within twenty (20) days of the entry of this Order. Accordingly, the parties and all interested non-parties shall be bound by the Health Insurance Portability and Accountability Act (HIPAA), and thereby governed as follows:

Upon compliance with Rule 45 of the Federal Rules of Civil Procedure, the attorneys for the Defendant in this lawsuit are permitted to inspect, copy, or obtain copies of all health information relating to the Plaintiff in this case subject to the provisions of

Rule 26 of the Federal Rules of Civil Procedure pertaining to the scope and limits of discovery. The attorneys for the Defendant in the lawsuit likewise may seek to depose any of the Plaintiff's health care providers. All of the above, including without limitation, records and depositions, shall be considered "Protected Health Information." All Protected Health Information shall be held in confidence by the Defendant and not divulged to any person other than as necessary for use in this case. At the conclusion of this case, if the lawyer for the Defendant has obtained any Protected Health Information concerning Plaintiff, the lawyer for the Defendant shall either return said Protected Health Information to Plaintiff, or shall destroy said Protected Health Information at the option of the Plaintiff.

This Court Order authorizes the Plaintiff's health care providers who are served with a subpoena requesting the production of Protected Health Information or commanding attendance at a deposition or at trial to provide said Protected Health Information pursuant to said subpoena and this Order.

Nothing in this Order shall be deemed to relieve any party or attorneys from the requirements of the Federal Rules of Civil Procedure or the confidentiality provisions of this HIPAA Order. Nothing in this Order prohibits disclosure by a health care provider of confidential communications by the Plaintiffs which are contained in said Protected Health Information. Nothing contained in this Order shall prevent disclosure of Plaintiff's mental or emotional condition, or information relative thereto pursuant to the provisions of this Order.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, except an agent or employee of the attorney on a confidential basis, except that, if relevant, said Protected Health Information and testimony regarding said information shall be admissible in any deposition or at the trial of this case. If any such Protected Health Information is admitted in evidence in the trial of this case, said information shall be sealed for confidentiality purposes at the conclusion

of the trial.

    Done this 27th day of June, 2008.

                                                             /s/Terry F. Moorer
                                                             TERRY F. MOORER
                                                             UNITED STATES MAGISTRATE JUDGE